# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MAXIMINO MELERO-FILETO,

    Petitioner,

v.                                                        No. CV 10-0551 LH/KBM
                                                          CR 02-1889 LH

DEWIGHT SIMMS, Warden,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Petitioner's Petition Under 28 U.S.C. § 2241 For Writ Of Habeas Corpus (CV Doc. 1; CR Doc. 64) (the "petition") filed on June 7, 2010.[1] Also before the Court is Petitioner's concurrently-filed Petition For Commutation Of Sentence (CV Doc. 2; CR Doc. 64-1), which the Court considers, in part, a memorandum in support of the § 2241 petition.

On August 5, 2003, the Court entered judgment on Petitioner's conviction. The record indicates that Petitioner did not file a notice of appeal from the judgment. He has previously filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (CR Doc. 58). Petitioner, who is now incarcerated in Texas, asserts claims of excessive sentence, ineffective assistance of counsel, and breach of plea agreement. He asks for an order reducing his sentence.

Petitioner's allegations amount to a collateral attack on his sentence, and he may prosecute his claims only in a § 2255 motion. *See* § 2255; *Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255

---

[1] The Clerk entered the petition on the criminal docket and opened a civil case; this is standard procedure for a motion under 28 U.S.C. § 2255.

"supplants habeas corpus"). His claims are expressly contemplated by § 2255: relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States, . . . or . . . the sentence was in excess of the maximum authorized by law." § 2255.

Nonetheless, the Court is not required to recharacterize every claim that is incorrectly filed under a statute or rule other than § 2255. *See, e.g., Hagin v. Oklahoma*, 138 F. App'x 110, 111 (10th Cir. 2005) (upholding district court's refusal to construe an application as a § 2254 petition); *United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (same for § 2255 motion); *Brown v. Warden, Springfield Med. Ctr. for Fed. Prisoners*, 315 F.3d 1268, 1270 (10th Cir. 2003). In particular, the Court need not recharacterize a petition that, as here, would clearly be barred. *See Valadez-Camarena*, 402 F.3d at 1261 (affirming district court's refusal to recast pleadings as a § 2255 motion where relief would be "facially 'barred as untimely . . . or as second or successive under 28 U.S.C. § 2255' "). The Court declines to recharacterize Petitioner's petition as a § 2255 motion.

If Petitioner intends to pursue claims under § 2241, he must file his petition in the district where he is incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *United States v. Buck*, No. 99-2129, 1999 WL 811685, at **2 (10th Cir. Oct. 12, 1999) (§ 2241 petition "must be filed in the district where the petitioner is confined."). Under the factors in *Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006), the Court will dismiss the § 2241 petition without prejudice rather than transfer it to another court.

The Court may not grant relief on Petitioner's petition for commutation of sentence. "[E]xecutive clemency is the only form of clemency in the federal system." *Hain v. Mullin*, 436 F.3d 1168, 1174 (10th Cir. 2006) (citing U.S. CONST. art. II, § 2). "A clemency petition is directed to the executive branch of government which has the power to grant clemency or commute a

2

sentence. As such, clemency is an executive remedy not a judicial remedy. 'Unlike probation, pardon and commutation decisions have not traditionally been the business of courts.'" *Graham v. Angelone*, 73 F. Supp. 2d 629, 630 (E.D. Va. 1999) (quoting *Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981). Petitioner's petition for commutation will be dismissed without prejudice to his right to pursue relief through the executive branch.

IT IS THEREFORE ORDERED that Petitioner's Petition For Commutation Of Sentence (CV Doc. 2; CR Doc. 64-1) is DISMISSED without prejudice;

IT IS FURTHER ORDERED that Petitioner's Petition Under 28 U.S.C. § 2241 For Writ Of Habeas Corpus (CV Doc. 1; CR Doc. 64) is DISMISSED without prejudice; and this civil proceeding is DISMISSED.

_____
SENIOR UNITED STATES DISTRICT JUDGE